UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
SAMUEL RICHARDSON,                          : Civil Action No. 3:26-cv-41
                                            :
                Plaintiff,     :
                                            :
   v.                                       :
                                            :
FRONTIER AIRLINES,                          :
                                            :
                Defendant.     :
                                            :
                                            :
------------------------------------------------------------------ x

## NOTICE OF REMOVAL

Defendant, Frontier Airlines, Inc. ("Frontier")[1], removes the state court action entitled *Samuel Richardson v. Frontier Airlines*, from the Connecticut Superior Court, Judicial District of Hartford (the "Action"), to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### I.    PLEADINGS

1.      This is an action filed by a *pro se* Plaintiff for "improper handling of baggage and unfair charges, which have caused significant inconvenience and distress." *See* Complaint, attached as **Exhibit A**. While the claims are vague, the Complaint alleges that the Plaintiff[2] missed his return flight from Puerto Rico to Bradley Airport in Connecticut which caused him to miss his daughter's wedding, "costing over $60,000". *Id.* The Plaintiff alleges he and his wife, a Black and Columbian couple, faced discriminatory treatment throughout the ordeal, including hostile

---

[1] Defendant is improperly named in the state court complaint as "Frontier Airlines".
[2] Although the caption identifies a single Plaintiff, Samuel Richardson, the body of the Complaint references "Plaintiffs" in several instances, appearing to reference the Plaintiff and his wife.

behavior from the boarding employee and a supervisor. *Id.* He alleges the boarding employee abruptly demanded $100 for their baggage, and did not inform them cash was not accepted. *Id.* After missing their flight, the Plaintiff alleges he contacted customer service but encountered dismissive behavior and was offered a "mere $100" in compensation. *Id.* The Plaintiff claims the experience has caused him significant anxiety, emotional distress, and heartbreak. *Id.*

2. Frontier denies the allegations.

3. The Plaintiff commenced the Action by executing the Summons and Complaint on November 26, 2025, and serving Frontier with the Summons and Complaint on December 10, 2025. A true and correct copy of the Summons is attached as **Exhibit B**.

4. Frontier has not yet answered or otherwise responded to the Complaint.

## II.  REMOVAL IS PROPER IN THIS CASE

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely; (ii) there is complete diversity of citizenship between the Plaintiff and Frontier pursuant to 28 U.S.C. § 1332(c)(1); (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied; and (iv) this Court is the proper venue.

**A.   Removal is Timely.**

6. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Frontier has filed this Notice of Removal within 30 days of being served with the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin to run until service is perfected). As noted above, Frontier was served on December 10, 2025.

**B.     The Diversity of Citizenship Requirement is Satisfied.**

7.     The Plaintiff is a resident of Hartford, Connecticut. *See* **Exhibit B**. The Plaintiff is therefore a citizen of Connecticut for the purpose of determining diversity.

8.     Frontier is headquartered in Colorado. Therefore, there is complete diversity of citizenship between the Plaintiff (a citizen of Connecticut) and Defendant Frontier (a citizen of Colorado).

**C.     The Amount in Controversy Requirement is Satisfied.**

9.     The Plaintiff seeks compensation in the amount of $150,000 "intended to cover:" (1). Daughter's Wedding Expenses: Compensation for the significant financial loss incurred due to missing the wedding, which amounted to over $60,000; (2). Emotional Distress: Recognition of the stress and anxiety caused by the airline's actions, including discriminatory treatment, hostile behavior from employees, and negligence in customer service; (3) Additional Costs: Compensation for the two nights spent away from home due to missed flight, along with any related expenses incurred during this period; and (4) False Claims: Redress for the false claims made by the airlines regarding the couple's arrival time at the airport, which contributed to the distress faced. *See* **Exhibit A**.

10.     Courts recognize "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (quoting Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir.1999)). Further, in a removed action, "the defendant's amount-in-controversy allegation [in its notice of removal] should be accepted when not contested by the plaintiff or questioned by the court." Speer v. Deutsche Bank Nat'l Tr. Co. as Tr. for HS1 Asset Securitization Corp. Tr. 2006 OPT4 Mortg. Pass Through Certificates Series

2006 OPT4, 2024 WL 340777 (D. Conn. Jan. 30, 2024) (quoting Dart Cherokee Basin Operating Co., LLC. v. Owens, 574 U.S. 81, 87 (2014)). Here, the Plaintiff has identified damages in the amount of $150,000 for financial and emotional costs for missing the subject flight and his daughter's wedding. *See* **Exhibit A.**

11. Therefore, according to a fair reading of the Complaint, the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**D.    Venue and Other Requirements are Satisfied.**

12. The United States District Court for the District of Connecticut includes Hartford County, the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(d), Frontier is filing a written notice of this removal with the Superior Court, Judicial District of Hartford, which, along with this notice, is being served upon the Plaintiff as required by 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Frontier are attached as **Exhibits A & B.**

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).


DATED: January 9, 2026

                **DEFENDANT**
                **FRONTIER AIRLINES, INC.**

                By Its Attorneys,
                **CAMPBELL CONROY & O'NEIL, P.C.**

                */s/ Kathleen M. Guilfoyle*
                Kathleen M. Guilfoyle, Esq.
                20 City Square, Suite 300
                Boston, MA 02129
                Tel.: 617-241-3000
                Email: kguilfoyle@campbell-trial-lawyers.com


**CERTIFICATE OF SERVICE**

I, Kathleen M. Guilfoyle, hereby certify that on this 9th day of January 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF. Said document was also sent via U.S. Mail to the following:

Samuel Richardson
87 Amity Street
Hartford, CT 06106
*Plaintiff*

                */s/ Kathleen M. Guilfoyle*
                Kathleen M. Guilfoyle